Cook *v.* State.[*]

(Division B. April 2, 1928. Suggestion of Error Overruled May 7, 1928.)

[116 So. 598. No. 27098.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 95, n. 13.

*Henry L. Finch* and *F. H. Bush,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

PACK, J. Appellant was convicted, in the county court, of the unlawful possession of intoxicating liquor in less quantity than one quart. On appeal to the circuit court, the judgment of conviction and sentence was affirmed, from which judgment of the circuit court this appeal is prosecuted.

One assignment of error is urged as ground for reversal. A plea in bar claiming immunity from prosecution was filed by defendant, appellant here. This plea was grounded upon section 1792, Code of 1906 (section 2106, Hemingway's Code). That part of this Code section here involved provides that—"No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or

subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court.''

One Allen Thatch stood charged with the unlawful sale of intoxicating liquor, the identical liquor which appellant was alleged to have had in his possession. Appellant was subpoenaed and sworn as a state witness at the trial of Thatch in the county court. In the witness room, preparatory to the trial of Thatch, the county attorney interrogated appellant with a view of using him as a witness. Failing to elicit sufficient testimony to proceed with the prosecution, the county attorney, by leave of the court, dismissed the Thatch case. Objection to testimony offered in support of the plea was sustained by the court.

Appellant contends that the statute is applicable, and that he was entitled to the immunity provided for therein. We do not think the statute should be so construed. It grants, but limits, immunity to those only who ''may testify, or produce evidence, documentary or otherwise, before the grand jury, or any other court.'' Appellant was not giving evidence before either of these tribunals.

The judgment of the court below is affirmed.

*Affirmed.*